IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Michael J. Strohl and Judy K. Strohl, | ) |
| | ) Case No. 13 C 50352 |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| Village of Fox River Grove, et al., | ) |
| | ) Judge Philip G. Reinhard |
| Defendants. | ) |

## ORDER

For the reasons stated below, the defendant Village of Fox River Grover's motion to dismiss [18] is granted. Count I is dismissed with prejudice. Count II is dismissed without prejudice. The case is closed. Plaintiffs are permitted to re-file their takings claim if they exhaust available state remedies.

## STATEMENT-OPINION

On September 13, 2013, plaintiffs Michael J. Strohl and Judy K. Strohl ("plaintiffs") filed a two count complaint in the Circuit Court of McHenry County against the Village of Fox River Grove, Robert J. Nunamaker, Suzanne Blohm, Joanna Colletti, Steve Knar and Michael Schiestel. *See* [1-1]. In their complaint, plaintiffs alleged defendants violated their First Amendment rights and were liable under 42 U.S.C. § 1983. *See* [1-1]. Because the complaint alleged federal claims, defendants chose to remove the case to federal court. *See* [1].

Following removal, the defendants filed two separate motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In their motions, defendants argued that plaintiffs' allegations fell short of the federal pleading standards and also argued that a number of defendants were entitled to immunity. *See* [7-1], [11]. At a status hearing on December 18, 2013, Magistrate Judge P. Michael Mahoney set a briefing schedule and required plaintiffs to respond to the motions by January 15, 2014. *See* [9]. However, January 15th came and went without a response from plaintiffs. On January 29, 2014, (nearly two weeks after their response was due), plaintiffs orally moved for an extension of time to file a response at a status hearing. *See* [12]. Magistrate Judge Mahoney granted plaintiffs' oral motion and gave them until February 3, 2014 to file a response. *See id.* Despite the extension, plaintiffs once again failed to respond to the motions to dismiss. On February 26, 2014, (nearly three weeks after their response was due), the parties again appeared at a status hearing before Magistrate Judge Mahoney. At this time, plaintiffs asked the court to stay the motions to dismiss for one week and

grant them leave to file an amended complaint. *See* [13]. In light of the fact that counsel for plaintiffs represented that one of the plaintiffs was experiencing health issues, Magistrate Judge Mahoney granted the plaintiffs' request and gave them until March 5, 2014 to file an amended complaint. *See id.* Sadly, March 5th came and went without an amended complaint from plaintiffs. In fact, it was not until nearly three weeks later, on March 24, 2014, when plaintiffs moved to file a late amended complaint. *See* [14]. The Magistrate Judge graciously allowed plaintiffs to proceed with their amended complaint and denied the previously filed motions to dismiss as moot. *See* [17]. Magistrate Judge Mahoney then gave the Village of Fox River Grove (the only remaining defendant) until April 23, 2014 to answer or otherwise plea. *See* [17]. Pursuant to this order, on April 23, 2014, the Village of Fox River Grove timely filed a motion to dismiss. *See* [18]. At a motion hearing on April 30, 2014, Magistrate Judge Mahoney set a briefing schedule and granted plaintiffs until June 9, 2014 to file their response. *See* [21]. On that date, the case was transferred to Magistrate Judge Iain D. Johnston because of Magistrate Judge Mahoney's upcoming retirement. *See id.*

On May 1, 2014, Magistrate Judge Johnston issued an order to notify the parties that their next status hearing was scheduled for August 7, 2014. In that order, Magistrate Judge Johnston informed the parties that "no further extensions of the briefing schedule [for the pending motion to dismiss] w[ould] be allowed." *See* [23]. To date, plaintiffs have failed to file a response.

"[T]he Seventh Circuit adheres to the longstanding rule that a litigant waives an argument by failing to make it." *Burton v. City of Franklin,* No. 1:11–cv–00267–JMS–TAB, 2011 WL 2938029 at *2 (S.D. Ind. July 18, 2011) (citing *Everroad v. Scott Truck Sys., Inc.,* 604 F.3d 471, 480 (7th Cir.2010)). "Courts apply that rule where a party fails to develop arguments related to a discrete issue, as well as 'where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss.'" *Burton,* 2011 WL 2938029 at *2 (citations omitted).

Applying this principle to the instant case, the court concludes that plaintiffs have effectively defaulted any argument in opposition to defendant's motion to dismiss because they have failed to respond. *See Kirksey v. R .J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir.1999) (stating "[a]n unresponsive response is no response . . . [and] the plaintiff was defaulted for refusing to respond to the motion to dismiss."). Plaintiffs have repeatedly missed their deadlines to file a response and the court has (on at least three different occasions) graciously excused their negligence and granted extensions. The court refuses to do so again here and therefore finds it appropriate to proceed to the merits of defendants' motion to dismiss without the benefit of a response from plaintiffs.

This case involves historical property plaintiffs allegedly own in Fox River Grove, Illinois. The property is commonly known as the Bettendorf Castle and is particularly unique because it is apparently the only castle in North America that is known to have been constructed by "just one man." *See* [14] ¶ 2. In the amended complaint, plaintiffs state they use the property for a variety of social functions and gatherings. Specifically, plaintiffs reference an Easter egg

2

hunt they host for the Easter holiday and a number of political meetings and family events which take place on the property. *Id.* ¶ 6-8.

The amended complaint states that at some point in 2011 the Village of Fox River Grove sued plaintiffs in the Circuit Court of McHenry County and claimed that the plaintiffs were illegally occupying the Bettendorf Castle. *Id.* ¶ 5. Plaintiffs believe the Village of Fox River Grove filed suit because it sought to prevent plaintiffs from hosting events and otherwise having unfettered access to the property. *Id.* ¶ 5. Plaintiffs state that the 2011 lawsuit was ultimately decided in their favor, but the Village of Fox River Grove still wanted to prevent them from hosting events at the Bettendorf Castle. Thus, plaintiffs claim after the case in McHenry County concluded, the Village of Fox River Grove "began having public hearings on a proposed "Castle Ordinance" to prevent plaintiffs from exercising their "rights of association."" *Id.*

Specifically, plaintiffs complain about an amendment to a zoning ordinance the Village of Fox River Grove adopted in September 2013. The amendment purports to regulate home tours for properties with "special architectural or historical significance" and plaintiffs claim that the Bettendorf Castle is the only property in the Village of Fox River Grove that has "special architectural or historical significance." *Id.* ¶ 18. Because of this, plaintiffs believe the amendment violates their First Amendment rights. They argue that their speech and assembly rights are being violated because they are now required to receive permission from the Village of Fox River Grove before hosting a "home tour." These allegations form the basis of count I, plaintiffs' First Amendment claim.

Count II of the amended complaint is entitled "illegal spot zoning" and is styled as a takings claim. Plaintiffs allege that the previously described amendment amounts to "an unauthorized taking of their property rights without due process of law." *Id.* ¶ 30. They ask that the court enjoin the Village of Fox River Grove from enforcing the zoning amendment and ask the court to declare the amendment null and void. They also seek attorneys fees.

The Village of Fox River Grove ("the Village") contends these allegations are insufficient to form cognizable claims. The Village argues that count I fails because plaintiffs have not specified what "speech" rights the amendment to the zoning ordinance violates. It also claims that courts in this district have upheld similar ordinances that require special use permits and this also supports dismissal. The Village argues count II fails because it is not ripe for consideration. It contends that plaintiffs have not alleged that they applied for and were denied a special use permit and their takings claim is therefore premature and should be dismissed for jurisdictional reasons.

"To survive a motion to dismiss under Rule 12 (b)(6), the complaint must state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Yeftich v. Navistar*, 722 F.3d 911, 915 (7th Cir. 2013) (internal quotation marks and citations omitted). "Where a complaint pleads facts that are merely consistent with a

3

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citations omitted). In cases such as these, the inference of liability is only "speculative." *Id.*

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise as a defense, by motion, a federal court's lack of subject-matter jurisdiction. Similar to a Rule 12(b)(6) motion, the district court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999)). However, surviving a Rule 12(b)(1) motion to dismiss is more difficult than a 12(b)(6) motion because unlike a 12(b)(6) motion, in a 12(b)(1) motion, the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To survive dismissal, a plaintiff must support their allegations with competent proof of jurisdictional facts. *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir.1987). If necessary, a district court is permitted to look beyond the jurisdictional allegations and examine evidence outside of the pleadings to determine whether federal subject-matter jurisdiction exists. *St. John's*, 502 F.3d at 616.

## A. Count I: First Amendment Claim

Count I of the amended complaint attempts to set forth a First Amendment claim. The Village argues that this count fails because plaintiffs have failed to articulate what specific speech right the amendment to the zoning ordinance violates. The Village further points out that regardless of whether plaintiffs intended to allege that the amendment violates their freedom of speech or freedom of association, their claim fails. The court agrees.

First, the court notes that the allegations in count I do not sufficiently set forth a First Amendment claim. *See* [14] at 8-9. Plaintiffs merely assert that the amendment to the zoning ordinance "converts [their] right from a right into something that requires permission by the Government" and this denies plaintiffs "their First Amendment protections to freedom of speech and freedom of association, and the right to peaceably assemble." [14] ¶ 25. Plaintiffs then allege that the amendment is "arbitrary [and] capricious and unrelated to the health[,] safety and welfare of the citizens of Fox River Grove." *Id.* ¶ 26. Aside from these conclusory allegations, plaintiffs have failed to offer factual allegations to specify what specific speech right the amendment violates and whether they are attempting to assert a facial challenge or some other challenge under the First Amendment.

As the court previously stated, the amendment at issue regulates home tours and other related uses for property with historical or architectural significance. It requires the owner of a property with historical significance to obtain a special use permit for a home tour or a similar activity, but this does not include a showing to potential purchasers or renters. [14] ¶ 18. The Village of Fox River Grove first argues that hosting a home tour is not a protected speech right that falls within the contours of the First Amendment. It then argues that even if it was, the

4

amendment's purpose is related to the legitimate and practical considerations of "harmonious and efficient land use" and is therefore constitutional. [19] at 4.

Even if the court assumes that hosting a home tour is a protected speech right and the amendment to the zoning ordinance has an incidental effect on plaintiffs' freedom of speech, courts in this Circuit have regularly upheld a municipality's authority to require a special use permit before engaging in a particular land use, even when such land uses directly relate to speech or other constitutionally protected activities. *See e.g.*, *Vision Church v. Vill. of Long Grove*, 468 F.3d 975, 991 (7th Cir. 2007) (upholding a zoning ordinance that required churches to obtain a special use permit because the zoning it was facially neutral and justified by legitimate, non-discriminatory municipal planning goals.); *Hold Fast Tattoo, LLC v. City of North Chicago*, 580 F. Supp. 2d 656, 660-61 (N.D. Ill. 2008) (granting a city defendant's motion to dismiss a plaintiff's First Amendment claim because the city's special use permit was rationally related to a city's municipal planning goals); *Affordable Recovery Housing v. City of Blue Island*, No. 12-CV-4241, 2012 WL 2885638 at *6 (N.D. Ill. July 13, 2012) (denying a plaintiffs' motion for a preliminary injunction and finding that a city's ordinance requiring a church to obtain a special use permit was not unconstitutional). This is because of the well established principle that a municipality has the authority to use zoning regulations to protect its residents from the ill effects of urbanization such as traffic congestion, noise, and crowding. *See Agins v. City of Tiburon*, 447 U.S. 255, 261 (1980).

The amendment to the zoning ordinance plaintiffs complain of here is facially neutral. It requires all property owners of historical and architectural significance to obtain a permit before giving a home tour. This is rationally related to the Village of Fox River Grove's interest in municipal land planning goals, traffic control and noise pollution. Thus, the court concludes the amendment constitutes an appropriate exercise of the Village's police power as a municipality. *See id.* As such, the court does not find the amendment to the zoning ordinance violates the plaintiffs' free speech rights under the First Amendment.

Similarly, the court does not find the amendment to the zoning ordinance violates plaintiffs' freedom of assembly and association rights under the First Amendment. First, plaintiffs' only allegation to support a free assembly or free association claim is their claim that the amendment denies them the right to "freedom of association and the right to peaceably assemble." [14] ¶ 25. This is insufficient to satisfy the pleading standards under *Twombly* and its progeny. *See generally Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007); *McReynolds v. Merill Lynch & Co., Inc.*, 694 F.3d 873, 884-85 (7th Cir. 2012). Moreover, the United States Supreme Court has held that a statute or ordinance violates an individual's right to association under the First Amendment only if the governmental interference is "direct and substantial" or "significant." *See Lyng v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am., UAW*, 485 U.S. 360, 366 (1988) (rejecting a constitutional challenge to a statute based on associational rights because the statute at issue did not "directly and substantially interfere with the appellees' ability to associate . . . [.]"). Plaintiffs have not alleged that the amendment to the zoning ordinance directly and substantially effects their right to associate, and

5

after reviewing the amendment's text (which appears in the amended complaint), the court does not find it does. *See* [14] ¶ 18. The amendment only requires that plaintiffs obtain a special use permit before engaging in home tours and other activities of the sort. It does not forbid them from engaging in these activities completely. While obtaining a special use permit could make it slightly more difficult to engage in certain activities, this is an incidental burden on plaintiffs' right of freedom of association, not a direct and substantial one. Thus, the court finds plaintiff's freedom of association claim under the First Amendment should be dismissed. *See Irshad Learning Center v. County of DuPage*, 804 F. Supp. 2d 697, 718-19 (N.D. Ill. 2011) (dismissing a plaintiff's free speech and assembly claims and stating that the mere fact that a church's congregation "cannot assemble at a precise location does not equate to a denial of assembly altogether."). Accordingly, the court dismisses count I of plaintiff's amended complaint.

### B. Count II: Takings Claim

In count II, plaintiffs allege that the amendment at issue amounts to "an unauthorized taking of their property rights without due process of law." [14] ¶ 30. They also state that they have "a fundamental right to meet with members of the public without having to ask permission from the Village of Fox River Grove" and claim that the amendment to the zoning ordinance could include a plethora of activities other than home tours such as "bar-b-ques, [] meetings with advisors, political meetings, Easter egg hunts, [and] parties . . .[.]" *Id.* ¶¶ 31-32. Aside from these allegations, count II is void of any language which indicates what specific law or legal theory plaintiffs seek relief under. While the court could dismiss this claim on this basis alone, the court will give plaintiffs the benefit of the doubt and assume that count II is intended to be a takings claim under the Fifth Amendment.[1]

The Village of Fox River Grove argues that such a claim is not ripe for review and therefore should be dismissed for lack of subject-matter jurisdiction. Specifically, the Village claims that plaintiffs have failed to allege (and in fact have not) applied for and been denied a special use permit and because of this, plaintiffs' claim regarding any unconstitutional taking of property is premature. The court agrees.

In *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172 (1985), the United States Supreme Court held that a constitutional claim that challenges a taking

---

[1]It is worth mentioning that even if plaintiffs did not intend count II to be a takings claim under the Fifth Amendment, the Seventh Circuit has made it clear that the "ripeness principles apply to all constitutional cases that at their core complain of government interferences with the use of physical property." *Oxford Bank & Trust and Fifth Ave. Property Management v. Vill. of La Grange*, 879 F. Supp. 2d 954, 962 (N.D. Ill. 2012) (citing *Flying J., Inc. v. City of New Haven*, 549 F.3d 538, 543-44 (7th Cir. 2008); *Hager v. City of West Peoria*, 84 F.3d 865, 869 (7th Cir. 1996)). Thus, to the extent plaintiffs intend count II to constitute a due process claim or an equal protection claim regarding the alleged taking of their property, the same ripeness principles apply.

of property without just compensation is ripe for adjudication in federal court only after there has been (1) a conclusive determination that a plaintiff will be denied the proposed used of his property; and (2) an action for compensation through the procedures the State has provided. *Id.* at 194-95; *see also Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 930-31 (7th Cir. 2005). To satisfy the first prong, a plaintiff must seek a zone variance or a special use permit and have his application denied, and appeal the denial. *Behavioral Institute of Indiana, LLC*, 406 F.3d at 930.

In the instant case, plaintiffs have failed to allege that they applied for and were denied a special use permit. Instead, it appears that they have chosen to file suit and claim that the amendment to the zoning ordinance constitutes an unconstitutional taking of their property. In *Myers v. City of Chicago*, No. 09-C-5958, 2011 WL 43063 (N.D. Ill. Jan. 6, 2011), the court was faced with similar allegations. There, the plaintiff claimed that a zoning ordinance which required him to obtain a special use permit before he could lease his property to a fraternity amounted to an unconstitutional taking. *Id.* at *1-*3. The court in *Myers* dismissed the claim and found it premature pursuant to the Supreme Court's decision in *Williamson County*. *Id.* at *4. The court reasoned that because the plaintiff never sought a special use permit and never pursued "a formal decision . . . to the subject property at issue" before filing his claim in federal court, the claim was not ripe for review. *Id.* at *4. The same is true here. Plaintiffs have not alleged that they have applied for and been denied a special use permit. They also have not demonstrated that they have exhausted state remedies. As such, the takings claim is not ripe for review and the court therefore dismisses count II without prejudice.

For the reasons above, the defendant Village of Fox River Grove's motion to dismiss [18] is granted. Count I is dismissed with prejudice and count II is dismissed without prejudice. The case is closed. Plaintiffs are permitted to re-file their takings claim after they have exhausted available state remedies.


Date: 6/17/2014          ENTER:


                                        _____
                                           United States District Court Judge


                                                    Electronic Notices (LC)